IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM )
)
)
    Plaintiff, )
)
v. )      Case No.: 3:05cv472M
)
B.W. CAPPS & SONS, INC. )      Demand for Jury Trial
)
    Defendant. )

## COMPLAINT

COME NOW William J. Windham and Gwendolyn Joyce Windham, as the Plaintiffs, and brings this Complaint against B. W. Capps & Sons, Inc., identified Defendant and for their claims and causes of action against said Defendant show:

### PARTIES and JURISDICTION

1.

Plaintiff William J. Windham is an adult *sui juris* resident and citizen of Midland, Georgia, who was injured and damaged by the Defendant on or about the 17th day of May, 2004, in Opelika, Alabama, as more fully set forth below.

2.

Plaintiff Gwendolyn Joyce Windham is an adult *sui juris* resident and citizen of Midland, Georgia, who is

lawfully married to William J. Windham and who was injured and damaged by the Defendant as more fully set forth below.

3.

B.W. Capps & Sons, Inc. is an Alabama Corporation whose principal place of business is located at 5194 U.S. Highway 80 West, Opelika, Alabama 36804-1883.

4.

Defendant B.W. Capps & Sons, Inc. can be served by certified United States Mail upon George W. Capps, its agent for service of process at 5194 U.S. Highway 80 West, Opelika, Alabama, 36804-1883.

5.

The amount in controversy exceeds, exclusive of costs and interest, the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

6.

Because there is complete diversity of citizenship between Plaintiff and Defendant, jurisdiction is proper in this Court by virtue of 28 USCA §§1332; 1391.

FACTS

7.

On or about May 17, 2004, William J. Windham was a business invitee of Defendant B.W. Capps & Sons, Inc. located at 5194 U.S. Highway 80 West, Opelika, Alabama.

B.W. Capps & Sons, Inc. is a general mercantile retailer open to the public for the purpose of retail sales.

8.

On or about said date, Plaintiff William J. Windham went to Defendant's store for the purpose of locating and purchasing a cattle gate.  Plaintiff William J. Windham was escorted by an employee/agent of the Defendant to an outbuilding behind the main store where the cattle gates were stored for the purpose of sale.

9.

As the employee/agent of the Defendant, while acting in the course and scope of his employment, was showing and retrieving cattle gates leaning against a wall, the Defendant was knocked to the ground as a direct and proximate result of the actions of Defendant and/or Defendant's employee/agent.

10.

Plaintiff William J. Windham was immediately transported by an agent/employee of Defendant to St. Francis Hospital's Emergency Room in Columbus, Georgia. Upon admission, it was noted that Plaintiff William J. Windham suffered an open fracture of the left distal humerus.  An emergency open reduction and internal fixation of the left distal humerus was performed the same day.

11.

Subsequent to Plaintiff William J. Windham's surgery, he was required to undergo an additional surgery of the same site due to the extent of the injury.

12.

William J. Windham sustained the following injuries as a result of the above described events:

a)  an open fracture of the left distal humerus;

b)  restricted use of the left arm;

c)  permanent disability as a result of the loss of capacity of the left arm;

d)  deep scars to his left arm and shoulder as a result of the multiple surgeries to that area;

e)  invasive surgical and medical procedures including, but not limited to, the implantation of two reconstruction plates and Steinmann pins, and subsequent surgery;

f)  psychological and emotional scars, effects of the injuries sustained;

g)  severe mental and physical pain and suffering.

COUNT ONE

<u>NEGLIGENCE</u>

13.

Defendant B.W. Capps & Sons, Inc. by and through its respective officers and employees was negligent in the following particulars:

- a) in placing William J. Windham in a position of danger;
- b) in dangerously stacking metal gates in the display for sale;
- c) in allowing and permitting its employee to dangerously move and retrieve metal gates which it knew or should have known might result in injuries to persons such as William J. Windham;
- d) in engaging in acts of negligence by moving metal gates while William J. Windham was in a position of danger, contrary to good conscience and in negligent disregard of human safety.

COUNT TWO

<u>PREMISES LIABILITY</u>

14.

Defendant B.W. Capps & Sons, Inc. by and through its respective officers and employees failed to use reasonable

care in maintaining its premises in a reasonably safe manner.

15.

Defendant B.W. Capps & Sons, Inc., by dangerously stacking metal gates against a wall for display and by allowing and permitting its employees to move and retrieve these gates in the presence of customers, which Defendant knew or should have known might result in injuries to persons such as William J. Windham, breached its duty to use reasonable care in maintaining its premises in a reasonably safe manner.

## DAMAGES

16.

As a proximate result of Defendant B.W. Capps & Sons. Inc.'s wrongful and negligent acts and/or omissions and said failures to use reasonable care in maintaining its premises in a reasonably safe manner as aforesaid, Plaintiff William J. Windham was caused to suffer the following injuries and damages:

(a) a debilitating and painful open fracture of the left distal humerus;

(b) tremendous physical injuries and severe pain and discomfort including, but not limited to, loss of capacity of the left arm, stiffness of the left

shoulder and elbow, loss of muscle mass and strength of the left arm, and permanent disability;

(c) severe emotional distress and mental suffering;

(d) invasive surgical and other medical procedures, including, but not limited to, the implantation of two reconstruction plates and Steinmann pins;

(e) a further and subsequent surgery due to the extent of the injuries;

(f) prolonged, painful physical therapy and rehabilitation;

(g) severe neurological and orthopedic injuries;

(h) permanent physical disability and emotional/mental scarring or injury;

(i) medical costs and expenses for past, present and future medical care, treatment and rehabilitation;

(j) loss of enjoyment of life;

(k) deep scars to his left arm and shoulder as a result of multiple surgeries;

(l) future physical injuries, mental anguish, and extensive, future medical treatment, including medical procedures and physical therapy and rehabilitation; and

(m)   loss of income.

17.

The aforesaid wrongful and negligent acts and/or omissions of Defendant B.W. Capps & Sons, Inc. proximately resulted in the above described injuries and damages sustained by Plaintiff William J. Windham.

18.

As a proximate result of the aforesaid wrongful and negligent acts and/or omissions of Defendant B.W. Capps & Sons, Inc., Plaintiff Gwendolyn Joyce Windham was caused to suffer, and will in the future, the loss of services, companionship and consortium of her husband William J. Windham.

WHEREFORE, Plaintiffs pray:

(a)   that summons issue with this Complaint and service be perfected upon Defendant B.W. Capps & Sons, Inc. by certified United States Mail, requiring that said Defendant be and appear in this Court and answer this Complaint within the time required by law;

(b)   that Plaintiffs have a trial by jury;

(c)   that Plaintiff William J. Windham have judgment against Defendant B.W. Capps & Sons, Inc. in an amount necessary to fully compensate him for the injuries and damages set forth herein as determined

by the jury upon its consideration of the evidence at trial and the applicable law;

(d) that Plaintiff Gwendolyn Joyce Windham have judgment against Defendant B.W. Capps & Sons, Inc. in an amount necessary to fully compensate her for the injuries and damages set forth herein as determined by the jury upon its consideration of the evidence at trial and the applicable law;

(e) that Plaintiffs William J. Windham and Gwendolyn Joyce Windham have such other and further relief as the Court deems just and proper.

POPE & RAYFIELD, P.C.

_____
N. Kirkland Pope
Alabama Bar No. POP018

1110 Broad Street
Post Office Box 849
Phenix City, Alabama 36868
334.298.7062

_____
David C. Rayfield
Alabama Bar No. Ray029

1110 Broad Street
Post Office Box 849
Phenix City, Alabama 36868
334.298.7062