IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. WINDHAM and<br>GWENDOLYN JOYCE WINDHAM,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>B. W. CAPPS & SONS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　CASE NO. 3:05 CV-472-M<br>)<br>)<br>)<br>)<br>) |

## ORDER ON PRE-TRIAL HEARING

This cause coming on to be heard on a regular pre-trial hearing on April 28, 2006, and all parties being present in person or by counsel, the following action was thereupon taken:

1.　**PARTIES AND TRIAL COUNSEL:**

　　William Earl Windham, Plaintiff
　　Gwendolyn Joyce Windham, Plaintiff
　　James A. Balli
　　Lead Attorney for Plaintiffs
　　376 Powder Springs Street, Suite 100
　　Marietta, Georgia 30064-3448
　　(770) 422-7016

　　B.W. Capps & Sons, Inc., Defendant
　　James R. McKoon, Jr.
　　Lead Attorney for Defendant
　　P.O. Box 3220
　　Phenix City, Alabama 36868-3220
　　(334) 297-2300

COUNSEL APPEARING AT PRETRIAL HEARING:

James A. Balli
Lead Attorney for Plaintiffs
376 Powder Springs Street, Suite 100
Marietta, Georgia 30064-3448
(770) 422-7016

James R. McKoon, Jr.
Lead Attorney for Defendant
P.O. Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300

2. JURISDICTION AND VENUE

Plaintiffs are residents and citizens of the State of Georgia. Defendant is an Alabama Corporation with its principle place of business located within the State of Alabama. Defendant is considered a citizen of the State of Alabama for the purposes of determining jurisdiction pursuant to 28 U.S.C. § 1332(c). Exclusive of interests or costs, Plaintiffs have made a claim for damages against Defendant in excess of $75,000. Accordingly, because (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and other applicable law.

Defendant is an Alabama corporation with its principal place of business located within Russell County, Alabama. A substantial part, if

not all, of the events giving rise to Plaintiffs' claims against Defendant occurred within Russell County, Alabama. Pursuant to 28 U.S.C. § 81, the United States District Court for the Middle District of Alabama, Eastern Division encompasses Russell County, Alabama. Accordingly, pursuant to 28 U.S.C. § 1391, and other applicable law, venue for this action is properly laid in this Court.

3. <u>PLEADINGS:</u>

The following pleadings and amendments were allowed:

1. Plaintiffs' Complaint filed against Defendant, entered 5/27/2005.

2. Plaintiffs' Demand for Trial by Jury, entered 5/27/2005.

3. Plaintiffs' First Amended Complaint, entered 6/07/2005.

4. Defendants' Answer to Amended Complaint, entered 6/16/2005.

4. <u>PLAINTIFFS' CLAIMS:</u>

Plaintiff William Windham is making a claim for injuries received as a direct and proximate result of the negligence of the Defendant, including negligently failing to keep its premises reasonably safe for its invitees. Specifically, Defendant owns and operates a retail store located at 5194 U.S. Highway 80 West, Opelika, Alabama. On or about May 17, 2004, Plaintiff William Windham visited Defendant's

store as a business invitee of Defendant. Plaintiff William Windham visited the store for the purpose of purchasing a cattle gate.

Upon entering Defendant's store, Plaintiff William Windham was instructed that Defendant displayed and stored its inventory of cattle gates in an outbuilding. Plaintiffs contend that Defendant was displaying and storing Defendant's inventory of cattle gates in an unsafe and negligent manner.

Plaintiff William Windham was accompanied to the outbuilding by Defendant's employee, Larry Barnett. Mr. Barnett was acting in all times within his scope of employment as an agent or employee of Defendant. Plaintiff William Windham informed Mr. Barnett that Plaintiff wished to have a cattle gate with proper welds. Mr. Barnett then began to inspect each gate and negligently pull the rejected cattle gates toward Plaintiff William Windham. Mr. Barnett continued to push and pull the gates in a negligent manner toward Plaintiff William Windham. Mr. Barnett then suddenly and negligently pulled on a gate causing the excessive number of gates to fall on Plaintiff William Windham. As a direct and proximate result of Defendant's and Defendant's employees' negligence, Plaintiff was thrown to the ground

and suffered severe injuries for which Plaintiff seeks to recover damages.

Plaintiff Gwendolyn Windham is married to Plaintiff William Windham. As a direct and proximate result of Defendants' negligence causing injury to her husband, Plaintiff Gwendolyn Windham has suffered a loss of services and a loss of consortium.

The basis for Plaintiff William Windham's claims for recovery under a theory of negligence are Ala. Code § 6-2-38(l) (2005) and Alabama common law. Ala. Code § 6-2-38(l) establishes that a plaintiff shall have the right to commence an action for injuries to his person within two years. Further, the Alabama Supreme Court stated, as it has on numerous other occasions, "[i]t is a well established rule of law in this state that in order to prove a claim of negligence a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to plaintiff." Lowe's Home Centers v. Laxson, 655 So.2d 943, 946 (Ala. 1994). Thus, the Plaintiffs have brought this action within two years of May 17, 2004 and are alleging that Defendant owed a duty to Plaintiffs that was breached and proximately caused injury and damage to both Plaintiffs.

Plaintiffs' basis for recovery from Defendant as a result of the negligent actions of Defendant's employees are based on a theory of respondeat superior. Alabama common law establishes that employers are responsible for the negligence of their employees when said negligence is committed within the scope of the employment. The Supreme Court of Alabama stated in <u>Hulbert v. State Farm</u>, 723 So.2d 22, 23 (Ala. 1998) "[t]o recover from a tortfeasor's employer on the theory of respondeat superior, the plaintiff must show by substantial evidence that the employee's act was within the scope of the employee's employment." <u>Id.</u> at 23. The Court further said "an act is within an employee's scope of employment if the act is done as part of the duties the employee was hired to perform or if the act confers a benefit on the employer." <u>Id.</u> at 23. Plaintiffs contend that Defendant's employee Larry Barnett was acting within the scope of his employment with Defendant during Mr. Barnett's entire interaction with Plaintiff William Windham. Accordingly, Defendant is liable for Mr. Barnett's negligence in proximately causing the cattle gates to knock Plaintiff William Windham to the ground.

The basis for Plaintiff William Windham's claims for recovery under a theory of premises liability are Ala. Code § 6-2-38(l) (2005) and

Alabama common law. As set forth above, Ala. Code § 6-2-38(l) provides Plaintiffs with a cause of action for injuries to their person. Additionally, Alabama common law conclusively establishes the duty of a store owner to its business invitees. In <u>Horne v. Gregerson's Foods, Inc.</u>, 849 So.2d 173, 175 (Ala. Civ. App. 2002), the court stated:

> A store owner's duty is well established. That duty is to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. Consequently, injured plaintiffs must prove that the injury was proximately caused by the negligence of the store owner or one or its servants or employees. Actual or constructive notice of the presence of the substance or instrumentality that caused the injury must be proven before the store owner can be held responsible for the injury. Where, however, the defendant or his employees have affirmatively created the dangerous condition, the plaintiff need not introduce evidence that the defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.

<u>Id.</u> at 175. Plaintiffs contend that Defendant breached its duty to exercise reasonable care and maintain its premises in a reasonably safe condition. Additionally, Plaintiffs contend that Defendant affirmatively created the unsafe condition of the stacked cattle gates and knowledge of said condition is presumed as a matter of law.

The basis for Plaintiff Gwendolyn Windham's claim for a loss of consortium and/or loss of services is Alabama common law. In <u>Swartz v. United States Steel Corp.</u>, 304 So.2d 881 (Ala. 1974), the Supreme

Court established "[w]e hold that in Alabama each spouse has a cause of action for loss of consortium caused by a tortious act of a third party." Id. Plaintiff Gwendolyn Windham is entitled to recover loss of consortium damages incurred as a result of the tortious acts of Defendant and Defendant's employees.

5.  DEFENDANT'S DEFENSES:

   A. Defendant pleads that it is not liable to the Plaintiffs and specifically that it did not cause the Plaintiff, William Windham to fall and break his arm.

   B. Defendant pleads the defense of contributory negligence.

   C. Defendant pleads the defense of intervening and superseding cause.

IT IS ORDERED by this Court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the Court.

DONE this 28th day of April, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE