IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and　)
GWENDOLYN JOYCE WINDHAM,　)
　)
　　　Plaintiffs,　)
　)　　CASE NO. 3:05 CV-472-M
v.　)
　)
B. W. CAPPS & SONS, INC.,　)
　)
　　　Defendant.　)

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

COME NOW, Plaintiffs herein and submit their proposed jury instructions. Pursuant to the Court's advice, Plaintiffs will not submit general pattern jury instruction requests, but will instead focus on instructions pertaining to the elements of Plaintiffs' causes of action.    Plaintiffs reserve the right to withdraw any of the individual requests at the time of the charge conference with the Court.

This 22nd day of May, 2006.

SAMS, LARKIN & HUFF, LLP


/S/  JAMES BALLI
By:  _____
　　James A. Balli
　　Attorney for Plaintiffs
　　Ala. Bar No. BAL036

376 Powder Springs Street
Suite 100
Marietta, GA 30064
(770) 422-7016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
        Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
        Defendant. )

## **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 1**
## **DEFINITION**

Negligence is the failure to discharge or perform a legal duty owed to the other

party.

APJI Civil 28.00 (Alabama Pattern Jury Instructions Civil, 2nd ed.).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and | ) | |
| GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 2
## NEGLIGENCE AND ORDINARY CARE

Negligence means the failure to exercise (reasonable) (ordinary) care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

APJI Civil 28.01 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
Plaintiffs, )
) CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 3
## DUTY OWED-NEGLIGENCE AND ORDINARY CARE

The duty owed by the Defendant to the Plaintiffs was to exercise reasonable care not to injure or damage the Plaintiffs; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

APJI Civil 28.02 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and | ) | |
| GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 4**
**PROXIMATE CAUSE-DEFINITION**

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.

APJI Civil 33.00 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                                 )
        Plaintiffs, )
                                 )     CASE NO. 3:05 CV-472-M
v. )
                                 )
B. W. CAPPS & SONS, INC., )
                                 )
        Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 5
## DUTY OF STORE OWNER

       A store owner's duty is well established.  That duty is to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.  Consequently, injured plaintiffs must prove that the injury was proximately caused by the negligence of the store owner or one or its servants or employees.

       Actual or constructive notice of the presence of the substance or instrumentality that caused the injury must be proven before the store owner can be held responsible for the injury.  Where, however, the defendant or his employees have affirmatively created the dangerous condition, the plaintiff need not introduce evidence that the defendant had actual or constructive knowledge of the hazard.  Under such circumstances, the courts presume notice.

       Horne v. Gregerson's Foods, Inc., 849 So.2d 173, 175 (Ala. Civ. App. 2002)

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                         )
            Plaintiffs,  )
                         )        CASE NO. 3:05 CV-472-M
v.                       )
                         )
B. W. CAPPS & SONS, INC., )
                         )
            Defendant.   )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 6
## INVITEE-DEFINITION

An invitee is a person who enters and remains upon the premises of another at

the express or implied invitation of the owner or occupant and for a purpose in which

the owner or occupant of the premises has a beneficial interest.


APJI Civil 31.00 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                                        )
            Plaintiffs,                  )
                                        )        CASE NO. 3:05 CV-472-M
v.                                       )
                                        )
B. W. CAPPS & SONS, INC.,                )
                                        )
            Defendant.                   )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 7
## INVITEE-DUTY OWED

The duty of the owner or occupant of premises to an invitee is to be reasonably

sure that he is not inviting another into danger and to exercise ordinary care to render

and keep the premises in a reasonably safe condition.

APJI Civil 31.01 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
Plaintiffs, )
) CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 8
## DEFINITION OF AGENT

An agent is a person who, by agreement with another called the principal, acts

for the principal and is subject to his control.  The agreement may be oral or written

or implied from the conduct of the parties and may be with or without compensation.

APJI Civil 3.00 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
        Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
        Defendant. )

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 9**
**AGENT ACTING WITHIN THE LINE AND SCOPE OF HIS AUTHORITY**

When an agent is engaged to perform a certain service, whatever he does to

that end or in furtherance of the employment is deemed to be an act done within the

scope of the employment.

APJI Civil 3.01 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
      Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
      Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 10
## EXPRESS AUTHORITY

Express authority is actual authority conferred by the principal upon an agent and can only be given by written or spoken words or by other conduct by the principal which, reasonably interpreted, causes the agent to believe that the principal wishes him to act on his behalf.

APJI Civil 3.02 (Alabama Pattern Jury Instructions Civil, 2nd ed.).


GIVEN_____        DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
  )
       Plaintiffs, )
  )    CASE NO. 3:05 CV-472-M
v. )
  )
B. W. CAPPS & SONS, INC., )
  )
      Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 11
## IMPLIED AUTHORITY

Implied authority of an agent is authority to do whatever acts or use whatever means are reasonably necessary and proper to the accomplishment of the purposes for which the agency was created, so that in the conduct of his principal's business, an agent has implied authority to do that which the nature of the business would demand in its due and regular course.

APJI Civil 3.03 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and<br>GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 12
RESPONSIBILITY FOR NEGLIGENCE**

A principal is liable to others for the negligent acts or omissions of his agent,

done within the scope of his employment and within the line of his duties.

APJI Civil 3.06 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and       )
GWENDOLYN JOYCE WINDHAM,      )
                             )
        Plaintiffs,          )
                             )        CASE NO. 3:05 CV-472-M
v.                           )
                             )
B. W. CAPPS & SONS, INC.,    )
                             )
        Defendant.           )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 13
## GENERAL DAMAGE CHARGE

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of the defendant.

APJI Civil 11.01 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
      Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
      Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 14
## COMPENSATORY DAMAGES

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for his injury and other damages which have been inflicted upon him as a proximate result of the wrong complained of.

APJI Civil 11.02 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　 )　　　CASE NO. 3:05 CV-472-M
v. )
　　　　　　　　　　　　　　　　　　 )
B. W. CAPPS & SONS, INC., )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 15
## PERSONAL INJURY-ELEMENTS

The plaintiffs claim compensation for the following items or elements of

damages:

　　　Medical Expenses
　　　Loss of Earnings
　　　The impairment of the Plaintiffs' ability to earn
　　　Physical pain and suffering and mental anguish
　　　Permanent injuries and disabilities
　　　Disfigurement
　　　Loss of Consortium

　　　APJI Civil 11.04 (Alabama Pattern Jury Instructions Civil, 2nd ed).


　　　GIVEN_____　　　　　　DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and | ) | |
| GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 16
## PERSONAL INJURY-PHYSICAL PAIN AND MENTAL ANGUISH

The law has no fixed monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the Plaintiffs for such physical pain and mental anguish as you find from the evidence the Plaintiffs did suffer.

If you are reasonably satisfied from the evidence that the Plaintiffs have undergone [or will undergo] pain and suffering or mental anguish as a proximate result of the injury in question, you should award a sum which will reasonably and fairly compensate them for such pain, suffering, or mental anguish [already] suffered by them [and for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence that they are reasonably certain to suffer in the future].

APJI Civil 11.05 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                               )
          Plaintiffs, )
                               )      CASE NO. 3:05 CV-472-M
v. )
                               )
B. W. CAPPS & SONS, INC., )
                               )
         Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 17
## PERMANENT INJURIES OR DISFIGUREMENT

It is for you to determine from the evidence the nature, extent and duration of the Plaintiffs' injuries. If you are reasonably satisfied from the evidence that the Plaintiffs have suffered permanent injuries (or disfigurement), and that such injuries proximately resulted from the wrongs complained of, then you should include in your verdict such sum as you determine to be reasonable compensation for such injuries.

APJI Civil 11.06 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                                                    )
            Plaintiffs,                             )
                                                    )       CASE NO. 3:05 CV-472-M
v.                                                  )
                                                    )
B. W. CAPPS & SONS, INC.,                           )
                                                    )
            Defendant.                              )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 18 SUBSEQUENT INJURIES OR DISEASE PROXIMATELY RESULTING FROM ORIGINAL INJURY

The Plaintiffs in this case claim that after the occurrence of their initial injury, they incurred or suffered an aggravation by way of increased discomfort, pain, and disability [an entirely new injury] as the result or as an incident of a disease (their infirmed condition) which disease [new injury] was proximately caused by the initial injury made the basis of the Plaintiffs' complaint.  If you are reasonably satisfied from the evidence of the truthfulness of the Plaintiffs' contention in this regard, you may award the Plaintiffs such damages as will reasonably compensate them for the whole of their damages with due regard for such aggravation [new or subsequent injury].

APJI Civil 11.08 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____                    DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and | ) | |
| GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 19
## LOSS OF EARNINGS

In determining the amount of damages for loss of earnings, you should consider any evidence of the Plaintiffs' earning capacity, their earnings, the manner in which they ordinarily occupied their time before the injury, their inability to pursue their occupation, and determine what they were reasonably certain to have earned during the time so lost, had they not been disabled.

APJI Civil 11.10 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and    )
GWENDOLYN JOYCE WINDHAM,    )
                          )
        Plaintiffs,        )
                          )        CASE NO. 3:05 CV-472-M
v.                         )
                          )
B. W. CAPPS & SONS, INC.,  )
                          )
        Defendant.         )

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 20**
**LOSS OF FUTURE EARNINGS OR FUTURE EARNING CAPACITY**

In arriving at the amount of your award for any loss of [future earnings] [earning capacity], if you are satisfied the Plaintiffs will sustain such a loss, you should consider what the Plaintiffs' health, physical ability and earning power or capacity were before the accident and what they are now; the nature and extent of their injuries, and whether or not they are reasonably certain to be permanent; or if not permanent, the extent of their duration; all to the end of determining the effect, if any, of their injury upon their (future earnings) (earning capacity). After you determine the nature and the extent of their future loss of earnings (earning capacity) you would then determine the amount of money which would reasonably and fairly compensate them for such future loss.

APJI Civil 11.11 (Alabama Pattern Jury Instructions Civil, 2nd ed).
GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
        Plaintiffs, )
)     CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
        Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 21
## PERSONAL INJURY-MEDICAL EXPENSES

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiffs have paid or became obligated to pay [and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future]. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

APJI Civil 11.09 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____        DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. WINDHAM and | ) | |
| GWENDOLYN JOYCE WINDHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:05 CV-472-M |
| v. | ) | |
| | ) | |
| B. W. CAPPS & SONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 22
## FEDERAL MEDICAL CARE RECOVERY ACT

In any case in which the United States is authorized, obligated or required to pay for the medical treatment of active duty or retired military members that were injured by the negligence or other actions of a third party, the United States is entitled to recover the costs paid for such medical treatment.

The United States could accomplish the recovery by joining this lawsuit as an additional plaintiff against the alleged negligent Defendant. The United States may also accomplish its recovery by simply notifying these Plaintiffs of the United States' lien and requiring the Plaintiffs to reimburse the United States out of any funds recovered by the Plaintiffs at trial.

As the United States has not joined this action as a party plaintiff, and has not waived its lien for medical expenses paid, should you return a verdict for the Plaintiffs, the Plaintiffs would be entitled to recover an amount equal to Plaintiff William Windham's past medical expenses.   Of course, if you determine that the Defendant is not liable for any injuries to Plaintiffs, Plaintiffs would not be entitled to recover any amount for past medical expenses.

42 U.S.C. §  2651 et. seq., 10 U.S.C. § 1095, <u>Standefer v. U.S.</u>, 511 F.2d 101, 106 (5th Cir 1975)(Holding that if the United States does not waive its lien, a plaintiff is entitled to fully recover for all past medical expenses).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and       )
GWENDOLYN JOYCE WINDHAM,      )
                             )
         Plaintiffs,         )
                             )       CASE NO. 3:05 CV-472-M
v.                           )
                             )
B. W. CAPPS & SONS, INC.,    )
                             )
         Defendant.          )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 23
## OTHER THAN PERSONAL INJURY-ELEMENTS

Plaintiff Gwendolyn Joyce Windham claims compensation for loss of

consortium and services of her husband.

APJI Civil 11.12 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
      Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
      Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 24
## CONSORTIUM AND SERVICES-WIFE

If you find for the Plaintiffs, you may also determine the amount of money that

will reasonably compensate Plaintiff Gwendolyn Joyce Windham for any damages

sustained by loss of her husband's consortium and services.  Consortium is defined as

the right of a wife to her husband's company, fellowship, cooperation and assistance

in the marital relationship as a partner in the family unit.  Loss of consortium includes

the impaired ability of her husband to perform his usual services in the care of the

home (and in the education and rearing of the children) as well as her loss of his

society, companionship and comfort, taking into account the length of time of such

loss [and the reasonably certain duration of any future loss of consortium].

APJI Civil 11.13 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____        DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
        Plaintiffs, )
)    CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
        Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 25
## AFFIRMATIVE DEFENSE BY DEFENDANT

      The Defendant contends that the Plaintiffs are not entitled to recover in this case because of the defenses of contributory negligence and intervening or superseding cause.  The burden is upon the defendant to reasonably satisfy you by the evidence of the truthfulness of these defenses.

      APJI Civil 8.01 (Alabama Pattern Jury Instructions Civil, 2nd ed.).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
Plaintiffs, )
) CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 26
## CREDIBILITY

You are the sole judges of the evidence and of the credibility of the witnesses.

You may accept or reject any part of the testimony of any witness and you should

accept only the testimony you consider worthy of belief.  In determining the weight

to be accorded the testimony of any witness, you may consider the demeanor of the

witness while on the witness stand; his apparent candor or evasion or the existence or

non-existence of any bias or interest.

APJI Civil 15.02 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
                          )
        Plaintiffs, )
                          )     CASE NO. 3:05 CV-472-M
v. )
                          )
B. W. CAPPS & SONS, INC., )
                          )
        Defendant. )

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 27
## INTEREST OF WITNESSES

In determining what the true facts are from the evidence you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively. You may take into consideration any matter which you would in your every day affairs, in passing upon the truthfulness and accuracy of the testimony. Weigh the testimony in the light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all of the evidence.

APJI Civil 1.07 (Alabama Pattern Jury Instructions Civil, 2nd ed).

GIVEN_____           DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and )
GWENDOLYN JOYCE WINDHAM, )
)
Plaintiffs, )
) CASE NO. 3:05 CV-472-M
v. )
)
B. W. CAPPS & SONS, INC., )
)
Defendant. )

## **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 28**
## **PROPOSED VERDICT FORM ONE**

PLAINTIFFS' VERDICT

We, the Jury, find for the Plaintiffs and against the Defendant and assess the

Plaintiffs' damages at _____ dollars ($_____).


_____
Foreman-Forewoman"

DEFENDANT'S VERDICT

We, the Jury, find for the Defendant.


_____
Foreman-Forewoman"

APJI Civil 37.03 (Alabama Pattern Jury Instructions Civil, 2nd ed).


GIVEN_____          DENIED_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM J. WINDHAM and        )
GWENDOLYN JOYCE WINDHAM,       )
                              )
        Plaintiffs,           )
                              )        CASE NO. 3:05 CV-472-M
v.                            )
                              )
B. W. CAPPS & SONS, INC.,     )
                              )
        Defendant.            )

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS NO. 29**
**PROPOSED VERDICT FORM TWO**

PLAINTIFFS' VERDICT

We, the Jury, find for the Plaintiffs and against the Defendant and assess the Plaintiffs' damages as follows:

Medical Expenses_____ dollars ($            ).

Pain and Suffering and other damages_____ dollars ($            ).

Total Award _____ dollars  ($            ).

_____
Foreman-Forewoman"

DEFENDANT'S VERDICT

We, the Jury, find for the Defendant.

_____
Foreman-Forewoman"

GIVEN_____            DENIED_____

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS upon all parties by electronic

noticing procedures set forth by this Court as set forth below:

Mr. James R. Mckoon, Jr.
Attorney for Defendant
P.O. Box 3220
Phenix City, Alabama 36868
jrmckoon@aol.com

Mr. N. Kirkland Pope
Mr. David Rayfield
Co-attorneys for Plaintiff
kirk@popeandrayfield.com
david@popeandrayfield.com

This 22nd day of May, 2006.

SAMS, LARKIN & HUFF, LLP

/S/ JAMES BALLI
By: _____
James A. Balli
Attorney for Plaintiffs
Ala. Bar No. BAL036

376 Powder Springs Street
Suite 100
Marietta, GA 30064
(770) 422-7016